J-S10035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR J. DUBBS IV | |
| Appellant | No. 1871 EDA 2014 |

Appeal from the Judgment of Sentence August 14, 2012
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005912-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR J. DUBBS IV | |
| Appellant | No. 1872 EDA 2014 |

Appeal from the Judgment of Sentence August 14, 2012
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005591-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR J. DUBBS IV | |
| Appellant | No. 1873 EDA 2014 |

Appeal from the Judgment of Sentence August 14, 2012
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005267-2012

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR J. DUBBS IV | |
| Appellant | No. 1874 EDA 2014 |

Appeal from the Judgment of Sentence August 14, 2012
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005268-2012

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 04, 2015**

Appellant, Arthur J. Dubbs IV, appeals *nunc pro tunc* from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his open guilty pleas to multiple counts of criminal conspiracy, burglary, criminal trespass, theft by unlawful taking or disposition, and related offenses.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. In November and December of 2010, Appellant and his cohorts committed a

_____

[1] 18 Pa.C.S.A. §§ 903, 3502, 3503, 3921, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

- 2 -

string of burglaries throughout Bucks County. The Commonwealth charged Appellant with multiple counts of burglary and related offenses at four (4) different docket numbers. On August 10, 2012, the court conducted a guilty plea hearing. At No. 5591 of 2011, Appellant pled guilty to three (3) counts of conspiracy and one (1) count each of burglary, criminal trespass, and theft by unlawful taking or disposition. At No. 5912 of 2011, Appellant pled guilty to two (2) counts each of burglary, theft by unlawful taking or disposition, criminal trespass, and receiving stolen property and one (1) count of criminal mischief.

The court conducted a second guilty plea hearing on August 14, 2012. At No. 5267 of 2012, Appellant pled guilty to one (1) count each of burglary, criminal mischief, and criminal attempt. At No. 5268 of 2012, Appellant pled guilty to two (2) counts each of burglary, theft by unlawful taking or disposition, and criminal mischief and one (1) count of conspiracy. In exchange for Appellant's pleas, the Commonwealth agreed to withdraw additional charges. The Commonwealth also recommended that Appellant's sentences run concurrently with a related federal sentence he was already serving. The court accepted the guilty pleas, and Appellant immediately proceeded to sentencing.

At No. 5591 of 2011, the court sentenced Appellant to concurrent terms of six (6) to twelve (12) years' imprisonment, followed by two (2) years' probation, for one count each of burglary and conspiracy. The court

imposed no further penalty for Appellant's remaining convictions. At No. 5912 of 2011, the court sentenced Appellant to concurrent terms of five (5) to ten (10) years' imprisonment for two counts of burglary. The court imposed no further penalty for Appellant's remaining convictions. At No. 5267 of 2012, the court sentenced Appellant to four and one-half (4½) to nine (9) years' imprisonment for one count of burglary. The court imposed no further penalty for Appellant's remaining convictions. At No. 5268 of 2012, the court sentenced Appellant to concurrent terms of four and one-half (4½) to nine (9) years' imprisonment, followed by two (2) years' probation, for two counts of burglary and one count of conspiracy. The court imposed no further penalty for Appellant's remaining convictions. Significantly, the court ordered the sentences at all docket numbers to run concurrently with each other. The court also ordered the sentences to run concurrently with Appellant's federal sentence. Thus, the court imposed an aggregate sentence of six (6) to twelve (12) years' imprisonment, followed by two (2) years' probation.[2]

Appellant timely filed a motion for reconsideration of sentence on August 20, 2012. In it, Appellant complained that the state sentences would hinder his ability to enter into certain programs at the federal prison.

_____

[2] The court acknowledged that Appellant's individual sentences each exceeded the sentencing guidelines. (N.T. Plea/Sentencing Hearing, 8/14/12, at 30-32).

Further, Appellant argued that mitigating circumstances warranted reconsideration of the sentences. The court conducted a hearing on the post-sentence motion on October 11, 2012. On November 20, 2012, the court filed an amended sentencing order "to reflect that the sentences be served concurrent with and not consecutive to the FEDERAL sentence [Appellant] is already serving." (Order, entered 11/20/12, at 1). The court also ordered that Appellant serve his state sentences at a federal facility. The court denied Appellant's post-sentence motion in all other respects. Appellant did not file a direct appeal.

On August 9, 2013, Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[3] The court appointed counsel, who filed an amended petition on April 4, 2014. In the amended petition, Appellant argued plea counsel was ineffective for failing to file a notice of appeal. On June 5, 2014, the court granted PCRA relief and reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant timely filed notices of appeal *nunc pro tunc* at each docket number on June 6, 2014. On July 15, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On July 21, 2014, appellate counsel filed a Rule 1925(c)(4) statement of intent to file a brief pursuant to **Anders v.**

_____

[3] 42 Pa.C.S.A. §§ 9541-9546.

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant subsequently filed an application to consolidate the appeals, which this Court granted on August 4, 2014.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to *Anders* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super. 1997)).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw

representation:

> Neither **Anders** nor **McClendon**[4] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a thorough review of the record and concluded the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained

---

4 **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

counsel to raise any additional points Appellant deems worthy of this Court's attention. In his **Anders** brief, counsel provides a summary of the procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's conclusion that the appeal is wholly frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issues raised in the **Anders** brief:

> SHOULD APPELLANT'S COUNSEL BE PERMITTED TO WITHDRAW HIS APPEARANCE BECAUSE THE APPEAL IS WHOLLY FRIVOLOUS?
>
> WAS [APPELLANT'S] SENTENCE UNREASONABLY HARSH?

(**Anders** Brief at 5).

On appeal, Appellant contends each of his sentences for the burglary and conspiracy convictions exceeds the aggravated range of the sentencing guidelines. Appellant argues the court imposed unduly harsh sentences, because it did not adequately consider Appellant's evidence of mitigating circumstances. Appellant insists his sentences are unreasonable. Appellant concludes the court abused its discretion by imposing manifestly excessive sentences. Appellant challenges the discretionary aspects of his sentences. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating

claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).[5]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a

---

[5] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's pleas were "open" as to sentencing. (***See*** N.T. Plea/Sentencing Hearing at 13.) Thus, Appellant can challenge the discretionary aspects of his sentences.

separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'"  **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  **Commonwealth v. Anderson**, 830 A.2d 1013 (Pa.Super. 2003).  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).  "A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges raises a 'substantial question' which is reviewable on appeal."

*Commonwealth v. Davis*, 737 A.2d 792, 798 (Pa.Super. 1999).

In the instant case, Appellant's Rule 2119(f) statement preserved his claim regarding the court's purported error at sentencing.[6] Appellant's challenge appears to raise a substantial question as to the discretionary aspects of his sentences. *See id.*

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa.Super. 2011) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct.

---

[6] Appellant did not object at sentencing, and his post-sentence motion did not raise the claim advanced in the Rule 2119(f) statement. Nevertheless, in light of counsel's motion to withdraw, we will address Appellant's contention. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (explaining *Anders* requires review of issues otherwise waived on appeal).

2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* "If the court imposes a sentence outside of the sentencing guidelines, it must provide a written statement setting forth the reasons for the deviation and the failure to do so is grounds for re-sentencing." *Commonwealth v. Walls*, 592 Pa. 557, 567, 926 A.2d 957, 963 (2007). A court's "on-the-record statement of reasons for deviation stated in the defendant's presence" satisfies the requirement of a contemporaneous written statement. *Commonwealth v. Styles*, 812 A.2d 1277, 1278 (Pa.Super. 2002).

"[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Walls, supra* at 568, 926 A.2d at 963. In making this "unreasonableness" inquiry, this Court must consider four factors:

**§ 9781.  Appellate review of sentence**

\*     \*     \*

**(d)  Review of record.**—In reviewing the record the appellate court shall have regard for:

(1)  The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)  The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

> > (3) The findings upon which the sentence was based.
>
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4).

In **Walls, supra**, our Supreme Court said, "the concept of unreasonableness" is "inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Id.** at 568, 926 A.2d at 963.

> Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781…. We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). **Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.**

**Id.** at 568-69, 926 A.2d at 964 (emphasis added).

Instantly, Appellant waived his right to a pre-sentence investigation

("PSI") report and proceeded immediately to sentencing following the court's acceptance of the guilty pleas. Prior to the imposition of the sentences, the Commonwealth noted that the federal court system had already sentenced Appellant to seven (7) years' imprisonment on other convictions. When asked for a sentencing recommendation, the Commonwealth stated, "All sentences are concurrent but not conterminous with the federal sentences." (*See* N.T. Plea/Sentencing Hearing at 13.) The Commonwealth indicated there were mitigating factors in Appellant's favor, as Appellant had worked with local police and a violent-crimes task force after his arrest.

The Commonwealth also detailed the factual history of Appellant's 2010 crime spree. Specifically, Appellant and his cohorts burglarized three private residences and three commercial properties. The coconspirators stole approximately $29,000.00 worth of personal property and U.S. currency while causing at least $3,400.00 in property damage. Appellant's crime spree also included related offenses at other docket numbers that are not at issue on appeal. The related offenses involved Appellant's attempts to elude police after the issuance of an arrest warrant.

Due to the absence of a PSI report, the Commonwealth summarized Appellant's criminal history. In addition to his federal conviction, a New Jersey court convicted Appellant of a possessory drug offense in 1994. In Pennsylvania, Appellant's criminal record included a 1995 conviction for possession of a small amount of marijuana, a 1995 conviction for possession

of a controlled substance with intent to deliver ("PWID"), a 1999 conviction for possession of a controlled substance, and a 2003 conviction for PWID.

After receiving the criminal history, the court permitted Appellant to allocute. Appellant explained that he had attempted to attend a technical school upon his release from a prior state incarceration. Appellant struggled, however, and he began to sell drugs. Thereafter, Appellant committed the burglaries at issue, which he described as "the biggest mistake" of his life. (*Id.* at 24). Appellant pleaded with the court for leniency, asking for "one last shot." (*Id.*) At that point, defense counsel reiterated the mitigating circumstance of Appellant's cooperation with law enforcement, including certain grand jury testimony. Consequently, defense counsel asked the court "to give a sentence concurrent with one he's serving and allow [Appellant] to take advantage of the programs that the federal system offers by keeping the sentence max below" seven (7) years. (*Id.* at 28).

The court responded:

> I can't…grant you what your attorney has [requested]. Let me tell you, the testimony I heard was significant in terms of—the other day in terms of being helpful to you.[7] Probably the most significant testimony I've ever heard in that regard.

---

[7] The court received much of Appellant's mitigation evidence at the August 10, 2012 hearing. The certified record does not include a transcript of the August 10, 2012 hearing.

However, I have a crime spree in front of me, so—and let me tell you, but for what I heard the other day your sentence would be twenty years.

\* \* \*

That's exactly what I would give you, because in any way you cut it, if I give you a couple years on each case, looking at the non-merging offenses, I would easily be at twenty years, even if I sentence you in the mitigated range.

What I'm going to do, though, is I'm going to give you a sentence that will—the intent is that it will add up to six to twelve…which is longer than your federal sentence but, certainly…less than what I would have given you.

(*Id.* at 29-30).

Further, the court gave Appellant the opportunity to provide input as to his sentencing preferences:

THE COURT: So I can…give [Appellant] consecutive sentences that total the six [years], but I think it would be better for him if I just give you six to twelve on the cases and run them all concurrent, which would be outside the guidelines….

For instance, in 5268 [of 2012], if I sentenced him in the standard range, as to counts one and two and three, consecutively, that would give you six years just on that case, and that doesn't include the criminal mischief count.

\* \* \*

So do you want me to do them consecutively or do you want me to sentence him outside the guidelines concurrently? Do you have a preference?

[DEFENSE COUNSEL]: As long as the sentence runs concurrent with the federal sentence.

> THE COURT: Yes, but I've been told sometimes there's a benefit in the state for there not to be consecutive sentences, for it just to be concurrent.
>
> [DEFENSE COUNSEL]: I think there's a benefit if it's concurrent versus consecutive, because he would have to make parole on each case before he could begin serving case number two.

(*Id.* at 30-32). Ultimately, Appellant requested the imposition of concurrent sentences as described, and the court honored Appellant's wishes. (*Id.* at 32).

Here, the court stated with particularity its reasons for imposing Appellant's sentences. Regarding the "reasonableness" of Appellant's sentences, the court attempted to balance Appellant's cooperation with law enforcement against the magnitude of his crime spree. After weighing the nature and circumstances of the offenses against the mitigating factors, the court imposed concurrent sentences in excess of the guidelines. Significantly, the court's own statements reveal it would have imposed a harsher sentence but for the quality of Appellant's cooperation with law enforcement.

The court observed Appellant and evaluated his mitigation evidence. The court also announced its findings at the time of sentencing. Under these circumstances, the court's upward departure from the sentencing guidelines was reasonable under Section 9781(d). **See Walls, supra**. Moreover, Appellant actually consented to the court's departure from guidelines in exchange for the benefit of concurrent sentences. Based upon the

foregoing, we see no cause to disturb the judgment of sentence. ***See Coulverson, supra***. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2015